IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANTELL D. NEWMAN, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 22-1050-RGA |
| THE CHRISTINA SCHOOL DISTRICT, | : |
| Defendant. | : |

Shantell Newman, New Castle, Delaware.  Pro Se Plaintiff.

**MEMORANDUM OPINION**

December 14, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Shantell Newman appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 4).  She commenced this action on August 10, 2022.  2).  The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint.  See *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

Plaintiff claims jurisdiction by reason of a United States government defendant.  (D.I. 2 at 3).  The Christina School District is the sole defendant.  (*Id.* at 2).

This action concerns a 1953 time capsule.  The Court takes judicial notice that the time capsule was discovered on August 3, 2021 at a construction site on Christina School District property, and a press release advised the public that the contents of the time capsule would be revealed at the August 9, 2021 Christina School District Board of Education meeting.  *See* https://www.christinak12.org/site (last visited Dec. 9, 2022).  The notice stated, "All are welcome to attend.  The meeting will be held in-person . . . and live streamed."  *Id.*

Plaintiff alleges that the contents from the time capsule were only shown to some of the public since the doors were locked even thought it was a public event.  (D.I. 2 at 4).  Plaintiff alleges that the contents of the time capsule should be restored "to the people" and placed in a museum.  (*Id.* at 5).

Plaintiff seeks $100,000,000 in damages or return of the capsule "to the people" because it should not be owned by Defendant.  (*Id.* at 7).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).  *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).   The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).  "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"  *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915, the Court must grant

2

Plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

This Court does not have jurisdiction.

Plaintiff indicates the basis for jurisdiction is a United States government defendant (*i.e.*, the United States, a federal official, or federal agency). (D.I. 2 at 3). The sole defendant is the Christina School District. The District is not a United States

Government defendant.  The Court takes judicial notice that the Christina School District is as a Delaware public school system that serves the City of Newark and its surrounding suburban areas as well as the City of Wilmington.  *See* https://www.christinak12.org/domain/51 (last visited Dec. 12, 2022).  In addition, I have reviewed the Complaint and it does not raise a federal civil claim for violations of the United States Constitution or federal statutes. *See* 28 U.S.C. § 1331. The Court does not have jurisdiction under 28 U.S.C. § 1331.

In light of the foregoing, there is no basis for the Court to exercise jurisdiction over the matter.  Therefore, the Complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint without prejudice for lack of subject matter jurisdiction.

An appropriate Order will be entered.